

Cite as 2016 Ark. 470

# SUPREME COURT OF ARKANSAS

**Opinion Delivered:** December 15, 2016

IN RE ARKANSAS CODE OF
JUDICIAL CONDUCT

## PER CURIAM

The Supreme Court adopts the following changes, effective immediately, to the
Arkansas Code of Judicial Conduct in order to improve the Code to (1) ensure self-
represented litigants were treated fairly, (2) address issues raised during past election
cycles where the Code was not clear, (3) expand the Code's applicability to a judge-
elect, (4) better advise judges what was and was not prohibited conduct, and (5)
improve the judicial election process.

SLIP OPINION

**Applicability of this Code**

(B) A judge, within the meaning of this Code, is anyone who is authorized to perform judicial functions, including an officer such as a, magistrate, special master, referee, or member of the administrative law judiciary. Members of the executive branch, such as administrative law judges and hearing officers, are not subject to this Code.

**RULE 2.2**
**Impartiality and Fairness**

**A judge shall uphold and apply the law, and shall perform all duties of judicial office fairly and impartially.**

**B. A judge may make reasonable <u>accommodations, consistent with the law and court rules, to facilitate the ability of all litigants</u> to be fairly heard.**

COMMENT

[1] To ensure impartiality and fairness to all parties, a judge must be objective and open-minded.

[2] Although each judge comes to the bench with a unique background and personal philosophy, a judge must interpret and apply the law without regard to whether the judge approves or disapproves of the law in question.

[3] When applying and interpreting the law, a judge sometimes may make good-faith errors of fact or law. Errors of this kind do not violate this Rule.

[4] The growth in litigation involving self-represented litigants and the responsibility of courts to promote access to justice warrant reasonable flexibility by judges, consistent with the law and court rules, to ensure that all litigants are fairly heard. Examples of accommodations that may be made include but are not limited to (1) making referrals to any resources available to assist the litigant in the preparation of the case; (2) liberally construing pleadings to facilitate consideration of the issues raised; (3) providing general information about proceeding and foundational requirements; (4) attempting to make legal concepts understandable by using plain language whenever possible; (5) asking neutral questions to elicit or clarify information; (5) modifying the traditional order of taking evidence; and (6) explaining the basis for a ruling.

SLIP OPINION

**RULE 2.10**
**Judicial Statements on Pending and Impending Cases**

(A) A judge shall not make any public statement that might reasonably be expected to affect the outcome or impair the fairness of a matter pending or impending in any court, or make any nonpublic statement that might substantially interfere with a fair trial or hearing.

(B) A judge shall not, in connection with cases, controversies, or issues that are likely to come before the court, make pledges, promises, or commitments that are inconsistent with the impartial performance of the adjudicative duties of judicial office.

(C) A judge shall require court staff, court officials, and others subject to the judge's direction and control to refrain from making statements that the judge would be prohibited from making by paragraphs (A) and (B).

(D) Notwithstanding the restrictions in paragraph (A), a judge may make public statements in the course of official duties, may explain court procedures, and may comment on any proceeding in which the judge is a litigant in a personal capacity.

(E) Subject to the requirements of paragraph (A), a judge may respond directly or through a third party to allegations in the media or elsewhere concerning the judge's conduct in a matter.

COMMENT

[1] This Rule's restrictions on judicial speech are essential to the maintenance of the independence, integrity, and impartiality of the judiciary.

[2] This Rule does not prohibit a judge from commenting on proceedings in which the judge is a litigant in a personal capacity, or represents a client as permitted by these Rules. In cases in which the judge is a litigant in an official capacity, such as a writ of mandamus, the judge must not comment publicly.

[3] Depending upon the circumstances, the judge should consider whether it may be preferable for a third party, rather than the judge, to respond or issue statements in connection with allegations concerning the judge's conduct in a matter.

**RULE 2.11**

**Disqualification**

(A) A judge shall disqualify himself or herself in any proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to the following circumstances:

(1) The judge has a personal bias or prejudice concerning a party or a party's lawyer, or personal knowledge of facts that are in dispute in the proceeding.

(2) The judge knows that the judge, the judge's spouse or domestic partner, or a person within the third degree of relationship to either of them, or the spouse or domestic partner of such a person is:

(a) a party to the proceeding, or an officer, director, general partner, managing member, or trustee of a party;

(b) acting as a lawyer in the proceeding;

(c) a person who has more than a de minimis interest that could be substantially affected by the proceeding; or

(d) likely to be a material witness in the proceeding.

(3) The judge knows that he or she, individually or as a fiduciary, or the judge's spouse, domestic partner, parent, or child, or any other member of the judge's family residing in the judge's household, has an economic interest in the subject matter in controversy or in a party to the proceeding.

(4) [Reserved]

(5) The judge, while a judge or a judicial candidate, has made a public statement, other than in a court proceeding, judicial decision, or opinion, that commits or appears to commit the judge to reach a particular result or rule in a particular way in the proceeding or controversy.

(6) The judge:

(a) served as a lawyer in the matter in controversy, or was associated with a lawyer who participated substantially as a lawyer in the matter during such association;

(b) served in governmental employment, and in such capacity participated personally and substantially as a lawyer or public official concerning the proceeding, or has publicly

expressed in such capacity an opinion concerning the merits of the particular matter in controversy;

(c) was a material witness concerning the matter; or

(d) previously presided as a judge over the matter in another court.

(B) A judge shall keep informed about the judge's personal and fiduciary economic interests, and make a reasonable effort to keep informed about the personal economic interests of the judge's spouse or domestic partner and minor children residing in the judge's household.

(C) A judge subject to disqualification under this Rule, other than for bias or prejudice under paragraph (A)(1), may disclose on the record the basis of the judge's disqualification and may ask the parties and their lawyers to consider, outside the presence of the judge and court personnel, whether to waive disqualification. If, following the disclosure, the parties and lawyers agree, without participation by the judge or court personnel, that the judge should not be disqualified, the judge may participate in the proceeding. The agreement shall be incorporated into the record of the proceeding.

COMMENT

[1] Under this Rule, a judge is disqualified whenever the judge's impartiality might reasonably be questioned, regardless of whether any of the specific provisions of paragraphs (A)(1) through (6) apply. In many jurisdictions, the term "recusal" is used interchangeably with the term "disqualification."

[2] A judge's obligation not to hear or decide matters in which disqualification is required applies regardless of whether a motion to disqualify is filed.

[3] The rule of necessity may override the rule of disqualification. For example, a judge might be required to participate in judicial review of a judicial salary statute, or might be the only judge available in a matter requiring immediate judicial action, such as a hearing on probable cause or a temporary restraining order. In matters that require immediate action, the judge must disclose on the record the basis for possible disqualification and make reasonable efforts to transfer the matter to another judge as soon as practicable.

[4] The fact that a lawyer, or a lawyer who practices with that lawyer, in a proceeding is affiliated with a law firm with which a relative of the judge is affiliated does not itself disqualify the judge. If, however, the judge's impartiality might reasonably be questioned under paragraph (A), or the relative is known by the judge to have an interest in the law firm that could be substantially affected by the proceeding under paragraph (A)(2)(c), the judge's disqualification is required.

[4A] The fact that a lawyer in a proceeding, or a litigant, contributed to the judge's campaign, or publicly supported the judge in his or her election does not of itself disqualify the judge. However, the size of contributions, the degree of involvement in the campaign, the timing of the campaign and the proceeding, the issues involved in the proceeding, and other factors known to the judge may raise questions as to the judge's impartiality under paragraph (A).

[5] A judge should disclose on the record information that the judge believes the parties or their lawyers might reasonably consider relevant to a possible motion for disqualification, even if the judge believes there is no basis for disqualification.

[6] "Economic interest," as set forth in the Terminology section, means ownership of more than a de minimis legal or equitable interest. Except for situations in which a judge participates in the management of such a legal or equitable interest, or the interest could be substantially affected by the outcome of a proceeding before a judge, it does not include:

(1) an interest in the individual holdings within a mutual or common investment fund;

(2) an interest in securities held by an educational, religious, charitable, fraternal, or civic organization in which the judge or the judge's spouse, domestic partner, parent, or child serves as a director, officer, advisor, or other participant;

(3) a deposit in a financial institution or deposits or proprietary interests the judge may maintain as a member of a mutual savings association or credit union, or similar proprietary interests; or

(4) an interest in the issuer of government securities held by the judge.

**RULE 2.16**
**Cooperation with Disciplinary Authorities**

(A) A judge shall cooperate and be candid and honest with judicial and lawyer disciplinary agencies.

(B) A judge shall not retaliate, directly or indirectly, against a person known or suspected to have assisted or cooperated with an investigation of a judge or a lawyer.


COMMENT

[1] Cooperation with investigations and proceedings of judicial and lawyer discipline agencies, as required in paragraph (A), instills confidence in judges' commitment to the integrity of the judicial system and the protection of the public and may be considered by the judicial and lawyer discipline agencies as a mitigating factor.

**RULE 3.2**
**Appearances before Governmental Bodies and Consultation with Government Officials**

A judge shall not appear voluntarily at a public hearing before, or otherwise consult with, an executive or a legislative body or official, except:

(A) in connection with matters concerning the law, the legal system, or the administration of justice, or matters or proposals affecting the judiciary;
(B) in connection with matters about which the judge acquired knowledge or expertise in the course of the judge's judicial duties; or

(C) when the judge is acting pro se in a matter involving the judge's legal or economic interests, or when the judge is acting in a fiduciary capacity.

**Rule 3.7 Participation in Educational, Religious, Charitable, Fraternal, or Civic Organizations and Activities.**

(A) Subject to the requirements of Rule 3.1, a judge may participate in activities sponsored by organizations or governmental entities concerned with the law, the legal system, or the administration of justice, and those sponsored by or on behalf of educational, religious, charitable, fraternal, or civic organizations not conducted for profit, including but not limited to the following activities:

(1) assisting such an organization or entity in planning related to fund-raising, and participating in the management and investment of the organization's or entity's funds;

(2) soliciting contributions for such an organization or entity, but only from members of the judge's family, or from judges over whom the judge does not exercise supervisory or appellate authority;

(3) soliciting membership for such an organization or entity, even though the membership dues or fees generated may be used to support the objectives of the organization or entity, as long as the solicitation cannot reasonably be perceived as coercive;

(4) appearing or speaking at, receiving an award or other recognition at, being featured on the program of, and permitting his or her title to be used in connection with an event of

SLIP OPINION

such an organization or entity, but if the event serves a fund-raising purpose, the judge may participate only if the event concerns the law, the legal system, or the administration of justice;

(5) making recommendations to such a public or private fund-granting organization or entity in connection with its programs and activities, but only if the organization or entity is concerned with the law, the legal system, or the administration of justice; and

(6) serving as an officer, director, trustee, or non-legal advisor of such an organization or entity, unless it is likely that the organization or entity:

(a) will be engaged in proceedings that would ordinarily come before the judge; or

(b) will frequently be engaged in adversary proceedings in the court of which the judge is a member, or in any court subject to the appellate jurisdiction of the court of which the judge is a member.

(B) A judge may encourage lawyers to provide pro bono public legal services.

**(C) A judge may, as a parent or guardian, assist minor children in their fund-raising activities if the procedures employed are not coercive and the sums solicited are minor.**

**Rule 3.13:  Acceptance and Reporting of Gifts, Loans, Bequests, Benefits, or Other Things of Value**

(A) A judge shall not accept any gifts, loans, bequests, benefits, or other things of value, if acceptance is prohibited by law or would appear to a reasonable person to undermine the judge's independence, integrity, or impartiality.

(B) Unless otherwise prohibited by law, or by paragraph (A), a judge may accept the following:

(1) items with little intrinsic value, such as plaques, certificates, trophies, and greeting cards;

(2) gifts, loans, bequests, benefits, or other things of value from close friends or relatives whose appearance or interest in a proceeding pending or impending before the judge would in any event require disqualification of the judge under Rule 2.11;

(3) ordinary social hospitality;

(4) commercial or financial opportunities and benefits, including special pricing and discounts, and loans from lending institutions in their regular course of business, if the same opportunities and benefits or loans are made available on the same terms to similarly situated persons who are not judges;

(5) rewards and prizes given to competitors or participants in random drawings, contests, or other events that are open to persons who are not judges;

(6) scholarships, fellowships, and similar benefits or awards, if they are available to similarly situated persons who are not judges, based upon the same terms and criteria;

(7) books, magazines, journals, audiovisual materials, and other resource materials supplied by publishers on a complimentary basis for official use; or (8) gifts, awards, or benefits associated with the business, profession, or other separate activity of a spouse, a domestic partner, or other family member of a judge residing in the judge's household, but that incidentally benefit the judge.

(8) gifts incident to a public testimonial;

(9) a gift made in connection with a special occasion for the judge such as a wedding, anniversary, birthday, or other holiday and the gift is fairly commensurate with the occasion and the relationship of the donor;

(10) invitations to the judge and the judge's spouse, domestic partner, or guest to attend without charge:

(a) an event associated with a bar-related function or other activity relating to the law, the legal system, or the administration of justice; or

(b) an event associated with any of the judge's educational, religious, charitable, fraternal or civic activities permitted by this Code, if the same invitation is offered to nonjudges who are engaged in similar ways in the activity as is the judge; and

(C) A judge shall report gifts as required by law.

(D) If a judge receives a gift, or thing of value, in violation of this Rule and the judge cannot determine the source of the gift or the judge has difficulty returning the gift, the judge may donate the gift to a non-profit organization.

(E) For purposes of this Rule, the term "relatives" is broader than Rule 2.11 and shall include a spouse, child, parent, grandparent, grandchild, brother, sister, parent-in-law, brother-in-law, sister-in-law, nephew, niece, aunt, uncle, or first cousins, and the spouse or in-laws of any of these persons.

COMMENT

[1] Whenever a judge accepts a gift or other thing of value without paying fair market value, there is a risk that the benefit might be viewed as intended to influence the judge's decision in a case. Rule 3.13 imposes restrictions upon the acceptance of such benefits, according to the magnitude of the risk. Paragraph (B) identifies circumstances in which the risk that the acceptance would appear to undermine the judge's independence, integrity, or impartiality is low. [2] Gift-giving between close friends and relatives is a common occurrence, and ordinarily does not create an appearance of impropriety or cause reasonable persons to believe that the judge's independence, integrity, or impartiality has been compromised. In addition, when the appearance of friends or relatives in a case would require the judge's disqualification under Rule 2.11, there would be no opportunity for a gift to influence the judge's decision making. Paragraph (B)(2) places no restrictions upon the ability of a judge to accept gifts or other things of value from friends or relatives under these circumstances. [3] Businesses and financial institutions frequently make available special pricing, discounts, and other benefits, either in connection with a temporary promotion or for preferred customers, based upon longevity of the relationship, volume of business transacted, and other factors. A judge may freely accept such benefits if they are available to the general public, or if the judge qualifies for the special price or discount according to the same criteria as are applied to persons who are not judges. As an example, loans provided at generally prevailing interest rates are not gifts, but a judge could not accept a loan from a financial institution at below-market interest rates unless the same rate was being made available to the general public for a certain period of time or only to borrowers with specified qualifications that the judge also possesses.

[4] Rule 3.13 applies only to acceptance of gifts or other things of value by a judge. Nonetheless, if a gift or other benefit is given to the judge's spouse, domestic partner, or member of the judge's family residing in the judge's household, it may be viewed as an attempt to evade Rule 3.13 and influence the judge indirectly. Where the gift or benefit is being made primarily to such other persons, and the judge is merely an incidental beneficiary, this concern is reduced. A judge should, however, remind family and household members of the restrictions imposed upon judges, and urge them to take these restrictions into account when making decisions about accepting such gifts or benefits.

[5] Rule 3.13 does not apply to contributions to a judge's campaign for judicial office. Such contributions are governed by other Rules of this Code, including Rules 4.3 and 4.4.

**RULE 3.14**
**Reimbursement of Expenses and Waivers of Fees or Charges**

(A) Unless otherwise prohibited by Rules 3.1 and 3.13(A) or other law, a judge may accept reimbursement of necessary and reasonable expenses for travel, food, lodging, or other

incidental expenses, or a waiver or partial waiver of fees or charges for registration, tuition, and similar items, from sources other than the judge's employing entity, except from a political organization, if the expenses or charges are associated with the judge's participation in extrajudicial activities permitted by this Code.

(B) Reimbursement of expenses for necessary travel, food, lodging, or other incidental expenses shall be limited to the actual costs reasonably incurred by the judge and, when appropriate to the occasion, by the judge's spouse, domestic partner, or guest.

(C) A judge who accepts reimbursement of expenses or waivers or partial waivers of fees or charges on behalf of the judge or the judge's spouse, domestic partner, or guest shall publicly report such acceptance as required by Rule 3.15.

**RULE 3.15 Reporting Requirements**

(A) A judge shall publicly report the amount or value of the following as required by state law:

(1) compensation received for extrajudicial activities as permitted by Rule 3.12;

(2) gifts and other things of value as permitted by Rule 3.13, and

(3) reimbursement of expenses and waiver of fees or charges as permitted by Rule 3.14.

(B) The scope of reporting, the time for reporting, the manner of reporting, and other issues shall be as determined by state law.

**CANON 4**

**A JUDGE, CANDIDATE FOR JUDICIAL OFFICE, OR JUDGE-ELECT SHALL NOT ENGAGE IN POLITICAL OR CAMPAIGN ACTIVITY THAT IS INCONSISTENT WITH THE INDEPENDENCE, INTEGRITY, OR IMPARTIALITY OF THE JUDICIARY.**

**RULE 4.1**

Political and Campaign Activities of Judges, Judicial Candidates, and a judge-elect in General

(A) Except as permitted by law, or by Rules 4.2, 4.3, and 4.4, a judge, a judicial candidate, and a judge-elect shall not:

(1) act as a leader in, or hold an office in, a political organization;

(2) make speeches on behalf of a political organization; (3) publicly endorse or oppose a candidate for any public office;

(4) solicit funds for, pay an assessment to, or make a contribution to a political organization or a candidate for public office;

(5) solicit the efforts of any individual, committee, or organization to expend money outside of the judge's campaign when such expenses will not be reported by the campaign if the purpose of the expenditure is to influence the outcome of the judge's election.

(6) publicly identify himself or herself as a candidate of a political organization;

(7) seek, accept, or use endorsements from a political organization or an elected official who was elected in a partisan election; however, nothing prevents a judicial candidate from speaking to a political organization or elected official concerning the judicial candidate's election;

(8) personally solicit or accept campaign contributions other than through a campaign committee authorized by Rule 4.4;

(9) use or permit the use of campaign contributions for the private benefit of the judge, the candidate, or others;

(10) use court staff, facilities, or other court resources in a campaign for judicial office;

(11) knowingly, or with reckless disregard for the truth, make any false or misleading statement;

(12) make any statement that would reasonably be expected to affect the outcome or impair the fairness of a matter pending or impending in any court; or

(13) in connection with cases, controversies, or issues that are likely to come before the court, make pledges, promises, or commitments that are inconsistent with the impartial performance of the adjudicative duties of judicial office.

(14) Use the term "re-elect" unless the judge was previously elected to that same position.

(B) A judge or judicial candidate shall take reasonable measures to ensure that other persons do not undertake, on behalf of the judge or judicial candidate, any activities prohibited under paragraph (A).

(C) For purposes of this Rule, a judge may use the title "Judge" if the judge is currently serving as a judge on the district court, circuit court, or court of appeals. A judge may use the title "Justice" if currently serving on the Arkansas Supreme Court. A judge who previously has held one of these positions, may use the appropriate title as long as it is preceded by the term "former".

## COMMENT
## GENERAL CONSIDERATIONS

[1] Even when subject to public election, a judge plays a role different from that of a legislator or executive branch official. Rather than making decisions based upon the expressed views or preferences of the electorate, a judge makes decisions based upon the law and the facts of every case. Therefore, in furtherance of this interest, judges, judicial candidates, and a judge-elect must, to the greatest extent possible, be free and appear to be free from political influence and political pressure. This Canon imposes narrowly tailored restrictions upon the political and campaign activities of all judges, judicial candidates, and a judge-elect taking into account the various methods of selecting judges.

[2] When a person becomes a judge, judicial candidate or judge-elect, this Canon becomes applicable to his or her conduct. In addition, Arkansas Rule of Professional Conduct 8.2(b) provides that a "lawyer who is a candidate for judicial office shall comply with the applicable provisions of the Code of Judicial Conduct."

## PARTICIPATION IN POLITICAL ACTIVITIES

[3] Public confidence in the independence and impartiality of the judiciary is eroded if judges, judicial candidates, and a judge-elect are perceived to be subject to political influence. Although judges, judicial candidates, and a judge-elect may register to vote as members of a political party, they are prohibited by paragraph (A)(1) from assuming leadership roles in political organizations.

[4] Paragraphs (A)(2) and (A)(3) prohibit judges, judicial candidates, and a judge-elect from making speeches on behalf of political organizations or publicly endorsing or opposing candidates for public office, respectively, to prevent them from abusing the prestige of judicial office to advance the interests of others. See Rule 1.3. These Rules do not prohibit

candidates from campaigning on their own behalf, or from endorsing or opposing candidates for the same judicial office for which they are running.

[5] Although members of the families of judges, judicial candidates, and a judge-elect are free to engage in their own political activity, including running for public office, there is no "family exception" to the prohibition in paragraph (A)(3) against a judge, candidate, and a judge-elect publicly endorsing candidates for public office. A judge, judicial candidate, and a judge-elect must not become involved in, or publicly associated with, a family member's political activity or campaign for public office.

[6] Judges, judicial candidates, and a judge-elect retain the right to participate in the political process as voters in both primary and general elections. Judges are permitted to request a ballot in a party's primary without violating this Code.

[6A] Judges, judicial candidates, and a judge-elect are permitted to attend or purchase tickets for dinners or other events sponsored by a political organization.

## STATEMENTS AND COMMENTS MADE BY JUDGES, JUDICIAL CANDIDATES, AND A JUDGE-ELECT

[7] Judicial candidates must be scrupulously fair and accurate in all statements made by them and by their campaign committees. Paragraph (A)(11) obligates candidates and their committees to refrain from making statements that are false or misleading, or that omit facts necessary to make the communication considered as a whole not materially misleading. As an example, "judicial experience" is misleading unless referring to the person's service on a district court, circuit court, court of appeals, or supreme court.

[8] Judges, Judicial candidates, and a judge-elect are sometimes the subject of false, misleading, or unfair allegations made by opposing candidates, third parties, or the media. For example, false or misleading statements might be made regarding the identity, present position, experience, qualifications, or judicial rulings of a candidate. In other situations, false or misleading allegations may be made that bear upon a judge, judicial candidate or judge-elect's integrity or fitness for judicial office. As long as the judge, judicial candidate, or judge-elect does not violate these Rules, the candidate may make a factually accurate public response. In addition, when an independent third party has made unwarranted attacks on a candidate's opponent, the candidate may disavow the attacks, and request the third party to cease and desist.

[9] Subject to paragraph (A)(12), a judge, judicial candidate, and judge-elect is permitted to respond directly to false, misleading, or unfair allegations made against him or her during a campaign, although it is preferable for someone else to respond if the allegations relate to a pending case.

[10] Paragraph (A)(12) prohibits judges, judicial candidates, and a judge-elect from making comments that might impair the fairness of pending or impending judicial proceedings. This provision does not restrict arguments or statements to the court or jury by a lawyer who is a judicial candidate or judge-elect, or rulings, statements, or instructions by a judge that may appropriately affect the outcome of a matter.

## PLEDGES, PROMISES, OR COMMITMENTS INCONSISTENT WITH IMPARTIAL PERFORMANCE OF THE ADJUDICATIVE DUTIES OF JUDICIAL OFFICE

[11] The role of a judge is different from that of a legislator or executive branch official, even when the judge is subject to public election. Campaigns for judicial office must be conducted differently from campaigns for other offices. The narrowly drafted restrictions upon political and campaign activities of judicial candidates provided in Canon 4 allow candidates to conduct campaigns that provide voters with sufficient information to permit them to distinguish between candidates and make informed electoral choices.

[12] Paragraph (A)(13) makes applicable to judges, judicial candidates, and a judge-elect the prohibition that applies to judges in Rule 2.10(B), relating to pledges, promises, or commitments that are inconsistent with the impartial performance of the adjudicative duties of judicial office.

[13] The making of a pledge, promise, or commitment is not dependent upon, or limited to, the use of any specific words or phrases; instead, the totality of the statement must be examined to determine if a reasonable person would believe that the candidate for judicial office has specifically undertaken to reach a particular result.

[13A] Before speaking or announcing personal views on social or political topics in a judicial campaign, candidates should consider the impact of their statements. Such statements may suggest that the judge lacks impartiality. See Rule 1.2. They may create the impression that a judge has or manifests bias or prejudice toward individuals with contrary social or political views. See Rule 2.3. Public comments may require the judge to disqualify himself or herself when litigation involving those issues come before the judge. See Rule 2.11. When making such statements, a judge should acknowledge the overarching judicial obligation to apply and uphold the law, without regard to his or her personal views.

[14] A judicial candidate may make campaign promises related to judicial organization, administration, and court management, such as a promise to dispose of a backlog of cases, start court sessions on time, or avoid favoritism in appointments and hiring. A candidate may also pledge to take action outside the courtroom, such as working toward an improved jury selection system, or advocating for more funds to improve the physical plant and amenities of the courthouse.

[15] Judicial candidates may receive questionnaires or requests for interviews from the media and from issue advocacy or other community organizations that seek to learn their views on

disputed or controversial legal or political issues. Paragraph (A)(13) does not specifically address judicial responses to such inquiries. Depending upon the wording and format of such questionnaires, candidates' responses might be viewed as pledges, promises, or commitments to perform the adjudicative duties of office other than in an impartial way. To avoid violating paragraph (A)(13), therefore, candidates who respond to media and other inquiries should also give assurances that they will keep an open mind and will carry out their adjudicative duties faithfully and impartially if elected. Candidates who do not respond may state their reasons for not responding, such as the danger that answering might be perceived by a reasonable person as undermining a successful candidate's independence or impartiality, or that it might lead to frequent disqualification. See Rule 2.11.

**RULE 4.2**
**Political and Campaign Activities of Judicial Candidates in Public Elections**

(A) A judicial candidate in a public election shall:

(1) act at all times in a manner consistent with the independence, integrity, and impartiality of the judiciary;

(2) comply with all applicable election, election campaign, and election campaign fund-raising laws and regulations of this jurisdiction;

(3) review and approve the content of all campaign statements and materials produced by the candidate or his or her campaign committee, as authorized by Rule 4.4, before their dissemination; and

(4) take reasonable measures to ensure that other persons do not undertake on behalf of the candidate activities, other than those described in Rule 4.4, that the candidate is prohibited from doing by Rule 4.1.

(B) A judicial candidate in a public election may, unless prohibited by law, and not earlier than 365 days before the first applicable election:

(1) establish a campaign committee pursuant to the provisions of Rule 4.4;

(2) speak on behalf of his or her candidacy through any medium, including but not limited to advertisements, websites, or other campaign literature;

(3) [Reserved]

(4) attend or purchase tickets for dinners or other events sponsored by a political organization;

(5) seek, accept, or use endorsements from any person or organization other than a partisan political organization or partisan elected official; and

(6) [Reserved].

(C) [Reserved].

COMMENT

[1] Paragraph (B) permits judicial candidates in public elections to engage in some political and campaign activities otherwise prohibited by Rule 4.1. Candidates may not engage in these activities earlier than 365 days before the first applicable election. See definition of "judicial candidate," which provides that a person becomes a candidate for judicial office as soon as he or she makes a public announcement of candidacy, declares or files as a candidate with the election authority, or authorizes or engages in solicitation or acceptance of contributions or support. This rule does not prohibit private conversations with potential supporters by a potential candidate as part of an effort to "test the waters" for a future candidacy. It does prohibit establishing a campaign committee earlier than 365 days before the election date.

[2] Despite paragraph (B), judicial candidates for public election remain subject to many of the provisions of Rule 4.1. For example, a candidate continues to be prohibited from soliciting funds for a political organization, knowingly making false or misleading statements during a campaign, or making certain promises, pledges, or commitments related to future adjudicative duties. See Rule 4.1(A), paragraphs (4), (11), and (13).

[3] [Reserved]

[4] In nonpartisan elections, paragraph (B)(5) prohibits a candidate from seeking, accepting, or using nominations or endorsements from a partisan political organization or partisan elected official.

[5] Subject to the 365-day limitation, judicial candidates are permitted to attend or purchase tickets for dinners and other events sponsored by political organizations. (Cf. Rule 4.1, Comment 6A, Judges are permitted to attend or purchase tickets for dinners or other events sponsored by a political organization.)

[6] [Reserved]

[7] [Reserved]

**RULE 4.4**
**Campaign Committees**

(A) A judicial candidate subject to public election may establish a campaign committee to manage and conduct a campaign for the candidate, subject to the provisions of this Code. The candidate is responsible for ensuring that his or her campaign committee complies with applicable provisions of this Code and other applicable law.

(B) A judicial candidate subject to public election shall direct his or her campaign committee:

(1) to solicit and accept only such campaign contributions as are permitted by state law.

(2) not to solicit or accept contributions for a candidate's current campaign more than 180 days before the applicable election, nor more than 45 days after the last election in which the candidate participated; and

(3) to comply with all applicable statutory requirements for disclosure and divestiture of campaign contributions.

(C) Any campaign fund surplus shall be returned to the contributors, contributed to a non-profit organization which is exempt from taxation under Section 501(c)(3) or turned over to the State Treasurer as provided by law.

COMMENT

[1] Judicial candidates are prohibited from personally soliciting campaign contributions or personally accepting campaign contributions. See Rule 4.1(A)(8). This Rule recognizes that in many jurisdictions, judicial candidates must raise campaign funds to support their candidacies, and permits candidates, other than candidates for appointive judicial office, to establish campaign committees to solicit and accept reasonable financial contributions or in-kind contributions.

[2] Campaign committees may solicit and accept campaign contributions, manage the expenditure of campaign funds, and generally conduct campaigns. Candidates are responsible for compliance with the requirements of election law and other applicable law, and for the activities of their campaign committees.

[2A] The forty-five-day post-election restriction applies both to contested and non-contested elections. Once a candidate's campaign has ended, the candidate should only raise funds for 45 more days. For example, if three candidates participate in a judicial election, the candidate who is eliminated may raise funds for only an additional 45 days. However, the two remaining candidates may continue to raise funds through the runoff election and 45 days thereafter.

[3] At the start of a campaign, the candidate must instruct the campaign committee to solicit or accept only such contributions as are reasonable in amount, appropriate under the circumstances, and in conformity with applicable law.